In re BLOCK BOUNDED BY AVENUE A AND FIRST AVE., FIFTY-NINTH AND SIXTIETH STS., ETC., IN CITY OF NEW YORK.

In re MURPHY.

(Supreme Court, Appellate Division, First Department.    July 7, 1911.)

1. EMINENT DOMAIN (§ 248*)—PAYMENT OF AWARD—ORDERS—CONCLUSIVENESS.
    A decision denying a motion to vacate a lien against an award in condemnation proceedings on the ground that, if the lien is a nullity, there is no need to vacate it, is not a bar to an application which treats the lien as a nullity, and which asks for an order directing the payment of the award to the owner.
    [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 248.*]

2. EMINENT DOMAIN (§ 248*)—PAYMENT OF AWARDS—DIRECTION—JURISDICTION OF COURT.
    Where the state in condemnation proceedings made no objection at the Special Term directing a payment of the balance of an award after order confirming the award, the objection that the court had no jurisdiction to make the order was unavailable to one claiming a lien on the award.
    [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 248.*]
    Dowling, J., dissenting.

Appeal from Special Term, New York County.

Application by the City of New York to acquire property situated in the block bounded by Avenue A and First avenue, Fifty-Ninth and Sixtieth streets. From an order denying the application of John T. Murphy for an order directing the comptroller to pay over the balance of an award, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Garvan & Armstrong (Lorenzo D. Armstrong, of counsel), for appellant.

Moss, Laimbeer, Marcus & Wels (Isidor Wels, of counsel), for respondent Realty Protective Company

CLARKE, J.    The moving affidavit avers that prior to February 1, 1907, William H. Murphy was seised in fee of 316 East Sixtieth street taken by the city in condemnation proceedings; that an award was made of $27,000 for the property, title whereof vested in the city February 1, 1907; that the report was confirmed, and that the city is indebted to William H. Murphy as said owner of such lands in the sum of $27,000 with legal interest from February 1, 1907, to the date of payment; that on February 14, 1911, the comptroller gave notice of the readiness and desire of the city to pay and that the amount thereof was $33,538.50; that on February 16, 1911, an alleged notice of lien was filed in the office of the comptroller by the Realty Protective Company; that thereafter, on April 3, 1911, the comptroller paid the said William H. Murphy $30,632.32, but retained on account of the filing of said alleged notice of lien $2,906.18, which now

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remains in his hands; that deponent had been informed by James H. Butterly, president of the Realty Protective Company, that the aforesaid alleged claim of lien against the said award is based on a certain contract in writing between William H. Murphy and the Realty Protective Company, a copy of which is attached; that the said company has no interest in, assignment of, or lien upon any portion of said award; upon information and belief, the said Realty Protective Company was and is now a corporation organized and existing under the laws of New York, and that the said corporation is and has been attempting to practice law and to act as attorney and counselor at law in actions pending in the Supreme Court; that on or about the 4th of April, 1911, said William H. Murphy for good and valuable consideration duly assigned to John T. Murphy, the applicant, by instrument in writing, all his interest to the aforesaid $2,906.18 and said assignment is now on file in the office of the comptroller.

The contract alluded to, upon which the realty company claims, is as follows:

"New York, Feb'y 8, 1907.

"The Realty Protective Company: You are hereby authorized to proceed in the matter of my claim for damages by reason of the opening of the approaches to the Blackwell's Island Bridge, as the same affects my premises No. 316 East 60th street; and in consideration of your services I hereby agree to pay you a sum equal to fifty per cent. of any excess of award made to me over and above the sum of thirty thousand dollars for the taking of the said premises. Said thirty thousand dollars out of the moneys to be paid for the taking of the said premises to be saved harmless to me from the aforesaid fees.                                    · William H. Murphy.
"Accepted:  Realty Protective Company, J. H. Butterly, President."

Butterly makes an affidavit in which he denies that the said corporation has been attempting to practice law and to act as attorney and counselor, and says:

"Pursuant to the agreement made between the parties, the said company employed various real estate and building experts to appraise the property owned by the said William H. Murphy, and the officers and employés of said company also made maps, examined records with reference to the title and other matters, and performed various other services such as a lay person thoroughly familiar with real estate matters in the city of New York might perform, but in view of the fact that no question is raised here as to the unreasonableness of the compensation asked, or as to the legality of the services rendered by the said company or its officers in this particular matter, deponent will not take up the time of the court with an elaborate statement of the services rendered or of the disbursements made, although he is willing to do so at any time, that the said corporation has expended various sums of money in behalf of the said William H. Murphy in this matter, and has also paid the attorney who appeared for the said William H. Murphy in the proceeding before the commissioners appointed to appraise the property. * * * Deponent also objects to the granting of this motion upon the following additional grounds:   (1) That the court has no jurisdiction to make any order in the premises; its function in this proceeding having terminated when it made its order confirming the awards made by the commissioners. (2) That a similar motion for similar relief has heretofore been denied by this court, and no appeal from such order has been taken."

The basis of this second claim is that a motion was made to vacate that alleged notice of lien which the Special Term denied. The court said on this motion:

"The order of Mr. Justice Greenbaum expresses a determination adverse to the petitioner's right to the relief now sought. While that order stands this application cannot be entertained. If the decision recently announced by the Appellate Division in the Matter of Bowsky (In re Certain Lands, etc., 128 N. Y. Supp. 999) is to be taken as conclusive of the moving party's right to a cancellation of the notice of lien, an application for a rehearing might be addressed to Mr. Justice Greenbaum, but I cannot review the order made by him upon a litigated motion, and that order expresses the law of the case."

This order should be reversed and the motion granted. Respondent is the same Realty Protective Company whose claims, based upon the filing of a similar paper with the comptroller upon other property taken in this same proceeding, were disposed of adversely to it by this court in Matter of Bowsky.

[1] The relief asked upon the motion at bar was not the same as that submitted on the prior application to the Special Term. Mr. Justice Greenbaum decided that, if the lien was a nullity, "there seems to be no purpose in asking the court to vacate what in fact does not exist." The present motion treats the lien as a nullity, and asks for an order directing the money admittedly due to be paid over by the comptroller to the applicant.

[2] The prior decision was not a bar to this application. As the city, the only party entitled to be heard in opposition, makes no objection, the first ground stated by respondent is without substance.

The alleged notice of lien being invalid and ineffectual, the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant against the respondent the Realty Protective Company.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.